# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RUNYON,<br><br>         Plaintiff,<br><br>v.<br><br>FCA US, LLC, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 24-cv-01843-H-VET<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF PATRICK RUNYON**<br><br>[Doc. No. 16.] |

On February 7, 2025, Strategic Legal Practices, APC ("SLP"), counsel for Plaintiff Patrick Runyon in this action, filed a motion to withdraw as counsel for Plaintiff Runyon. (Doc. No. 16.) Defendant FCA US, LLC did not file a timely response to SLP's motion. See Civil Local Rule 7.1(e)(2). For the reasons below, the Court grants SLP's motion to withdraw.

Rule 1.16(b) of the ABA rules governs permissive withdrawals of counsel and provides that "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."[1]  Model Rules of Pro. Conduct r. 1.16(b)(6) (Am.

---

[1] SPC's motion cites to the California Rules of Professional Conduct, not the ABA rules. (Doc. No. 16 at 4.) However, the ABA Model Rules of Professional Conduct apply to cases in the Southern District of

Bar. Ass'n 2020). Rule 1.16(c) further provides: "A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." Id. r. 1.16(c).

"In federal court, '[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.'" Westhoff Vertriebsges mbH v. Berg, No. 22-CV-0938-BAS-SBC, 2024 WL 947803, at *1 (S.D. Cal. Feb. 14, 2024). "To determine whether counsel should be allowed to withdraw, courts consider '(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.'" In re Saber, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022) (quoting Williams v. Cnty. of Fresno, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021)). Under the Court's Civil Local Rules, a motion to withdraw must: (1) be served on the adverse party and moving attorney's client; and (2) include a declaration pertaining to service of the motion. S.D. Cal. Civ. L.R. 83.3(f)(3). "Failure to make service as required . . . or to file the required declaration of service will result in a denial of the motion." Id.

As an initial matter, SLP's motion to withdraw complies with the Court's Civil Local Rules. SLP attached a declaration to its motion stating that Defendant FCA US, LLC was served with the motion via the Court's CM/ECF electronic filing system and Plaintiff Runyon was served with the motion to withdraw via email and express mail. (See Doc. No. 16, Tirmizi Decl. ¶ 8.) This is sufficient to comply with Civil Local Rule 83.3(f)(3).

Turning to the merits of the motion, SLP has provided the Court with a declaration from attorney Rabiya Tirmizi stating that SLP has not been able to establish contact with

---

California. See Stanz v. Brown, No. 3:22-CV-01164-GPC-JLB, 2024 WL 4267191, at *1 n.1 (S.D. Cal. Sept. 23, 2024); Suarez v. Del Toro, No. 22-CV-0021-GPC-BLM, 2023 WL 149105, at *2 (S.D. Cal. Jan. 10, 2023); see also Radcliffe v. Hernandez, 818 F.3d 537, 541 (9th Cir. 2016) ("[T]he Ninth Circuit refers to the local rules of each district when deciding which standards govern an ethical violation.").

Plaintiff Runyon since December 3, 2024, despite numerous attempts via phone and email. (See Doc. No. 16, Tirmizi Decl. ¶¶ 2, 7.)  SLP's inability to communicate with its client has forced it to seek multiple continuances for the required Early Neutral Evaluation and Case Management Conference scheduled in this action.  (See Doc. No. 16 at 5–6; Doc. Nos. 8, 12.)  SLP asserts that its inability to communicate with its client makes it "impossible to continue representing Plaintiff." (Doc. No. 16 at 6.)  This is a sufficient reason to permit SLP to withdraw as counsel for Plaintiff Runyon.  See Model Rules of Pro. Conduct r. 1.16(b)(6); see also Cal. Rules of Pro. Conduct r. 1.16(b)(4)–(5). Defendant FCA US, LLC, did not file a response to SLP's motion to withdraw, so it does not appear that permitting the withdrawal would harm Defendant.  And, considering that this case is in its early stages, the withdrawal will not unnecessarily delay resolution of this case or harm the administration of justice.

For the reasons above, the Court grants SLP's motion to withdraw.  Strategic Legal Practices, APC—including attorneys Elizabeth LaRocque, Rabiya Tirmizi, Tionna Carvalho, and Sanam Vaziri—is withdrawn as counsel of record for Plaintiff Patrick Runyon in this action.  The Court orders the Clerk of Court to terminate Ms. LaRoque, Ms. Tirmizi, Ms. Carvalho, and Ms. Vaziri as counsel of record for Plaintiff Runyon from the CM/ECF docket.

SLP must file a notice providing the Court with Plaintiff Runyon's phone number, email address, and last known physical mailing address **within seven (7) days from the date of this order**.  In addition, **within seven (7) days from the date this order**, SPC must provide Plaintiff Runyon via mail and email with: (1) a copy of this order and (2) the following links along with an advisement that if he decides to represent himself and proceed pro se in this civil action, he must file a motion for leave to electronically file (e-file) documents in order to electronically file documents in this civil action.  See https://www.casd.uscourts.gov/Prose/Prose-FilingInfo.aspx; https://www.casd.uscourts.gov/ProSe.aspx

The Court schedules a telephonic status conference for **Monday, April 7, 2025 at 10:30 a.m.**  SLP must appear at the status conference.  The Court will vacate the status conference if SPC files a declaration beforehand stating that SPC has satisfied all the requirements set forth above.

**IT IS SO ORDERED.**

DATED:  March 6, 2025

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT